No. 2521

Second Circuit

SWIFT AND COMPANY v. J. B. ABRAMS, JR.

(February 8, 1926, Opinion and Decree)

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Pleading—Par. 66, 71.**

Proof offered in court on the trial of an exception to the jurisdiction showing that defendant had been adjudicated a bankrupt and that composition had been made with the creditors and confirmed by the court is insufficient to maintain the exception.

2. **Louisiana Digest—Bankruptcy—Par. 49.**

A bankrupt may validly acknowledge an indebtedness from which he was released by a discharge and promise to pay it, but the proof of the promise must be expressed unequivocal and clear.

3. **Louisiana Digest—Bankruptcy—Par. 37.**

Where there was a composition in bankruptcy made with the creditors to which a creditor who is the plaintiff in this suit was not a party, the plaintiff is entitled to recover, provided he can prove his case.

4. **Louisiana Digest—Appeal—Par. 521.**

Where the oral testimony shows that the defendant did have some discussion as to an indebtedness due plaintiff but does not show the amount of such indebtedness a judgment of non-suit will be entered by the court.

Appeal from the Fifth Judicial District Court of Louisiana, Parish of Winn, Hon. F. E. Jones, Judge.

This is a suit for the value of merchandise sold and delivered. There was an exception to the jurisdiction rationæ materia filed which was overruled. There was judgment on the merits in favor of plaintiff and defendant appealed. Plaintiff answered the appeal asking for an increase.

Judgment reversed and plaintiff's suit dismissed as of non-suit.

Moss and Peters, of Winnfield, attorneys for plaintiff, appellee.

Eugene Beck, of Winnfield, attorney for defendant, appellant.

WEBB, J. On April 10, 1924, the plaintiff, Swift & Co., brought suit against the defendant, J. B. Abrams, Jr., in which it alleged that defendant was indebted unto it nine hundred and seventy-two and 07-100 dollars with five per cent per annum interest thereon from January 1, 1924; the consideration of the indebtedness being alleged as follows:

"That between the dates of January 20, 1923, and May 14, 1923, your petitioner sold and delivered to the said J. B. Abrams, Jr., goods, wares and merchandise to the amount of and for the price and sum of $2172.00, that the said J. B. Abrams, Jr., was credited with the following amounts, by compensation and discount $243.18, May 5, 1923, check $478.37, June 1, 1923, $478.57, July 5, 1923, $478.38, leaving a balance due your petitioner of $493.50; that check dated June 1st for the sum of $478.57 was never paid your petitioner, and which leaves a total balance due of nine hundred seventy-

two and 07-100 dollars ($972.07) with five per cent per annum interest thereon from January 1, 1924, until paid, all of which will more fully appear by reference to sworn itemized statement of the account, unpaid check and contract attached to this petition and made a part of same for reference and greater certainty."

Attached to the petition, and marked "Filed Apr. 10, 1924", "C. McGinty, Clerk Eighth District Clerk", are several accounts which are not, however, sworn to, a check drawn by J. B. Abrams, Jr., at Sikes, La., June 1, 1923, in favor of Swift & Co., for four hundred and seventy-eight and 57-100 dollars, which bears the endorsement of Swift & Co., the Marine Bank & Trust Co., and an inscription in lead pencil "No reasons given" and also a contract between Swift & Co. and J. B. Abrams, Jr., of date 12-12 1919, under which Swift & Co., designate Abrams as its agent for sale on commission and for its account, fertilizers, etc.

The defendant excepted to the jurisdiction of the court rationae materia and asked that the exception be sustained and plaintiff's suit dismissed, specifically alleging as the basis of the exception:

"That several weeks prior to the filing of this suit, your exceptor was adjudged a bankrupt by the United States District Court for the Western District of Louisiana, has regularly filed the requisite schedules in said court, and has not been discharged from said bankrupt proceedings, and that the said bankrupt proceedings are now pending in said court; that this Honorable Court is without jurisdiction rationae materiae to try and determine this case, as will be fully shown upon the trial of this exception."

The minutes of the court show that the exception was tried November 18, 1924, and we find in the transcript a copy of a list of unsecured creditors "In the matter of J. B. Abrams, & Co., Bankrupt, No. 2316, In Bankruptcy, In the United States District Court for the Western District of Louisiana", upon which Swift & Co. of New Orleans are placed as unsecured creditors on open account for $968.50, to which there is appended the following certificate:

"I hereby certify that the above and foregoing is a true, and literal copy of a page of Schedule A-3 of the schedule filed in this court by the above bankrupt. Thus done and signed at Opelousas, La., this 5th day of May, 1924. (Signed) L. L. Perrault, Referee in Bankruptcy."

And we also find a typewritten memorandum reading as follows:

"In the U. S. District Court for the Western District of Louisiana,

"In the matter of
"J. B. Abrams & Co.
"J. B. Abrams, Jr., E. C. Willis, and W. S. Emmons, Bankrupts.

"Notice is hereby given that the composition of 25% on all unsecured debts not entitled to priority offered by the bankrupts herein, was approved and confirmed by the court by order dated May 22, 1924, and that all creditors may procure warrant for said dividend on the filing of their proofs of claims with the undersigned
        "(Signed) L. L. Perrault,
            "Referee in Bankruptcy."

"Opelousas, La.
May 29th, 1924.
which instruments appear to have been filed in evidence on June 23, 1924.

The exception was overruled on June 3, 1925.

The defendant filed an answer on September 8, 1925, in which he denied the allegations of plaintiff's petition.

The cause was fixed for trial on September 8, 1925, and we find in the transcript the following documents:

1. A statement, not sworn to, of the

account of Swift & Co. against J. B. Abrams, Jr., showing a balance due of $972.07.

2. Letters and memoranda of Swift & Co. to its attorneys

These instuments appear to have been filed in evidence on the trial, although the notes of evidence do not mention the filing.

The oral testimony on the trial of the case seems to relate to some agreement that J. B. Abrams, Jr., made with the attorney of Swift & Co. as to the payment of a part of the claim, or a certain per cent equal to that which may have been distributed to the unsecured creditors of J. B. Abrams & Co., et al., Bankrupts, who proved their claims in that proceeding; and the only testimony relative to the account of Swift & Co. is that given by Abrams when being interrogated as to the promise to pay a portion of the account; his evidence as to the account being as follows:

"Q. Will you please examine this account and see if that account is correct?

"A. It is not exactly the way we filed it; it was not exactly this amount."

The judgment of the District Court was in favor of plaintiff for the sum of two hundred and forty-three and 02-100 dollars with legal interest from September 8, 1925.

The defendant appealed and plaintiff answered the appeal praying that the judgment be amended by increasing the amount therein allowed to plaintiff to nine hundred and seventy-two and 07-100 dollars, and, as amended, affirmed.

## OPINION

We gather from the manner in which this cause was presented, that there may have been some agreement or stipulation between counsel as to consideration to be given to documents appearing in the transcript that is not shown by the record; but we have to consider the case as presented by the transcript.

## EXCEPTION TO JURISDICTION

While we do not find that any evidence whatever was offered in support of the exception on the date of trial, yet we have considered the documents filed on June 23, 1924, in connection with the exception to the jurisdiction, and accepted them as proving that defendant had been adjudicated a bankrupt, and that a composition had been made with the creditors and confirmed by the court; but we do not think that this shows that the court was without jurisdiction, and that the exception to the jurisdiction was properly overruled.

## MERITS

We gather from the argument of counsel and documents in the transcript that Abrams had been adjudicated a bankrupt and that such proceedings were pending, or possibly had been closed by a composition which had been confirmed by the court very soon after the suit was filed by plaintiff; that in some manner, however, the plaintiff had not proven its claim in bankruptcy or that possibly the amount which the bankrupt had deposited to comply with the composition had been distributed to creditors who had proven up their claims and that plaintiff, having failed to prove its claim, did not benefit from the distribution; and from the argument of counsel and the oral testimony it appears that the plaintiff in this action takes the position:

1st. That it is entitled under the evidence to recover judgment for the amount claimed in its petition; and

2nd. That if it is not entitled to re-

cover the full amount claimed, that it is entitled to recover 25% of the amount under an agreement made by defendant subsequent to the proceedings in bankruptcy.

Considering these positions in an inverse order, we find that plaintiff's main demand is based strictly upon the original indebtedness; that it does not in any manner refer to any proceedings in bankruptcy, much less allege either as a part of its main demand or in the alternative, that defendant had made an agreement, subsequent to the adjudication in bankruptcy, under which he agreed to pay the claim or any part thereof.

While there is evidence offered tending to show a subsequent agreement, we do not think that it could possibly be contended that the defendant is shown under the evidence to have agreed to pay the entire claim of plaintiff, neither do we find that the evidence establishes that he agreed to pay any part of the claim other than through the court having jurisdiction of the proceedings in bankruptcy.

Unquestionably a bankrupt may acknowledge an indebtedness from which he was released by a discharge, and a promise to pay it would be valid, but the proof of the promise to pay must be express, unequivocal, and clear, and we find that the evidence as to the promise of the defendant was not only not express and unequivocal, but that the discussion was with relation to composition proceedings in bankruptcy through which defendant had been obligated to pay 25% of the amount due unsecured creditors.

We find also that whatever agreement of understanding there was, that plaintiff never accepted, and this is clearly shown by the petition in which the plaintiff claims, not an amount agreed to be paid under an agreement subsequent to adjudition in bankruptcy, but the original amount of the indebtedness.

Remington on Bankruptcy, 3rd Ed. No. 3508, 3509.

On the second position, we are of the opinion that plaintiff would be entitled to recover the full amount of the indebtedness claimed, provided the evidence establishes that it was due.

We do not find where defendant has pleaded a discharge in bankruptcy, as against the demands of plaintiff; there is in the record, as stated, a memorandum indicating that a composition was had and confirmed by the court in some proceedings in bankruptcy to which the defendant was a party, but it does not appear to have been offered in evidence on the trial on the merits.

The accounts which appear to have been filed on the date of the trial, were not sworn to; defendant, when interrogated, stated that the account handed him was not for the same amount as was filed, and there is no evidence in the record showing that any amount was due the plaintiff, unless it be that the copy of the schedule filed in the bankruptcy proceedings against J. B. Abrams & Co., J. B. Abrams, Jr., and others, which shows an amount due plaintiff, should be considered as an admission.

This copy of the schedule was not filed in evidence on the trial on the merits, and while the oral testimony shows that defendant did have some discussion as to an indebtedness due plaintiff the testimony does not show the amount of such indebtedness.

It is therefore ordered, adjudged and decreed that the judgment appealed from be avoided and reversed and that plaintiff's demands be rejected as of non-suit.